IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ASHLEY SIMMONDS,<br><br>   Plaintiff,<br><br>v.<br><br>ALL FAB PRECISION SHEETMETAL, INC.,<br><br>   Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Ashley Simmonds ("Plaintiff"), by and through undersigned counsel, and files her Complaint for Damages against All FAB Precision Sheetmetal, Inc. ("Defendant"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended.

## **JURISDICTION AND VENUE**

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) and 29 U.S.C. § 216(b).

3.

This Court is an appropriate venue for all Plaintiff's claims under 28 U.S.C. § 1391(b) because a substantial majority of the events giving rise to Plaintiff's claims occurred in the judicial district.

## **PARTIES**

4.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant conducts business in this district and is subject to specific jurisdiction over the claims asserted herein.

6.

Defendant employed Plaintiff during the relevant time period.

7.

Defendant, at all times material, conducted business within this District.

8.

Defendant is governed by and subject to Title VII.

9.

Plaintiff is a citizen of the United States of America and a resident of the State of Georgia.

10.

Defendant may be served by delivering a copy of the summons and complaint to its Registered Agent, Kelly Ho, 4635 Coated Drive, Fairburn, GA, 30213.

11.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") and subsequently requested and received the Notice of Right to Sue with respect to her Charge. This action has been commenced within 90 days of receipt of the Notice of Right to Sue.

# FACTUAL ALLEGATIONS

12.

Plaintiff began working for Defendant in August 2021. Throughout the time Plaintiff has worked for Defendant, she has been employee, as defined by Title VII and applicable law.

13.

The other employees that worked in Plaintiff's department were Vietnamese men.

14.

Plaintiff observed that the male employees in her department were working overtime hours, for which they were paid an overtime premium.

15.

At the beginning of April 2022, Plaintiff asked her supervisor, a Vietnamese woman named Lynn, if Plaintiff could work overtime hours, as well.  Lynn stated that Plaintiff could work overtime hours.

16.

At or around the beginning of May 2022, Lynn approached Plaintiff and told her that she could no longer work overtime hours. Defendant stated that the reason Plaintiff could not work overtime hours was that there were no more jobs

for women. Defendant went on to claim that the parts were too heavy for women to lift.

17.

Plaintiff was not given the chance to try to lift the parts. The other people in Plaintiff's department performed the same work as Plaintiff, and they did not regularly work on the heavy parts. When other employees did have to work on the heavy parts, they worked in pairs to lift them. Often, the other employees asked Plaintiff to help them lift the parts. The other employees in my department were allowed to continue working overtime hours.

18.

In refusing to permit Plaintiff to work overtime hours like her male counterparts, Defendant intentionally discriminated against Plaintiff, on the basis of her gender, in violation of Title VII.

19.

Any reason provided by Defendant for the refusal to allow Plaintiff to work overtime is pretext for unlawful discrimination, based on Plaintiff's gender

20.

Others outside the Plaintiff's protected class were treated differently.

21.

Plaintiff has suffered damages, as a result of Defendant's discrimination,

including lost wages and emotional distress.

## CLAIMS FOR RELIEF

### COUNT I
### TITLE VII GENDER DISCRIMINATION

22.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

23.

Plaintiff is a member of a protected class, i.e. she is a female.

24.

Title VII prohibits Defendant from discriminating against Plaintiff, on the basis of gender.

25.

Defendant violated Plaintiff's rights under Title VII by paying her less than male counterparts by refusing to let her work the hours her male counterparts worked, which materially affected the terms and conditions of Plaintiff's employment.

26.

Defendant intentionally discriminated against Plaintiff, on the basis of Plaintiff's gender, in violation of Title VII.

27.

Defendant treated Plaintiff differently than other employees outside of Plaintiff's protected gender class. Any alleged non-discriminatory reason given by Defendant for treating Plaintiff differently than employees outside of Plaintiff's protected class is pretext for unlawful discrimination.

28.

As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered damages, including lost wages, emotional distress, humiliation and other indignities.

29.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's actions toward Plaintiff were undertaken in bad faith

30.

The acts and omissions of Defendant were willful, malicious and in reckless disregard of Plaintiff federally protected rights entitling Plaintiff to punitive damages.

31.

Defendant is liable for the damages caused by its discrimination against Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)   General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)   Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation, and approval of said acts;

(c)   Special damages for lost wages and benefits and prejudgment interest thereon;

(d)   Reasonable attorney's fees and expenses of litigation;

(e)   Trial by jury as to all issues;

(f)   Prejudgment interest at the rate allowed by law;

(g)   Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)   Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)   All other relief to which she may be entitled.

Respectfully submitted, this 21st day of December, 2022.

BARRETT & FARAHANY

s/ *V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

PO BOX 530092
Atlanta, GA 30353-0092
(404) 214-0120
severin@justiceatwork.com